## Union Surety and Guaranty Company v. Stevenson, Appellant.

*Principal and surety—Affidavit of defense—Practice, C. P.*

In an action upon a bond of suretyship which provides that in the event of default on the part of the principal, written notice of said default shall be given to the surety within twenty days thereafter, an affidavit of defense is sufficient which admits the default on the part of the principal, but avers that notice was not given to the surety within twenty days thereafter.

Argued Oct. 14, 1904. Appeal, No. 269, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., making absolute rule for judgment, for want of a sufficient affidavit of defense, in case of Union Surety and Guaranty Company v. Thomas F. Stevenson and Felix Lafferty, trading as The American Surety Company of New York. Before RICE, P. J., BEAVER, SMITH, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a bond of suretyship.

The affidavit of defense was as follows :

Deponent admits that a contract was entered into between the firm of Andrews & Johnson and the defendants, Thomas F. Stevenson and Felix Lafferty, trading as Stevenson & Lafferty, as set forth in the plaintiff's statement of claim, a copy of which contract is annexed thereto.

Deponent further admits that the said American Surety Company, defendant, as surety for said Stevenson & Lafferty, executed to the said Andrews & Johnson a bond as security for the fulfillment of the said contract, a copy of which bond is annexed to said plaintiff's statement, which bond was assigned as averred in said plaintiff's statement to the said plaintiff, the Union Surety and Guaranty Company.

Deponent denies that the said Andrews & Johnson and the plaintiff, the Union Surety and Guaranty Company, had, prior to March 27, 1902, or since that date, performed all the conditions required by the above-named bond to be performed, in order to hold the defendant company liable thereupon.

Deponent avers that the said bond contains the following clause :

" First.—That in the event of any default on the part of said principal in the performance of any of the terms, covenants or conditions of said contract, written notice thereof, with a verified statement of the particular facts showing such default, and the date thereof, shall, within twenty days after such default, be delivered to the surety at its office in the city of Philadelphia."

Deponent admits that Stevenson & Lafferty defaulted on said contract, but denies that said default was on or about March 18, 1902, but was much earlier, and avers that plaintiff or Andrews & Johnson did not give defendant due notice of said default within twenty days thereafter, as provided in said bond, wherefore deponent is advised that said defendant is relieved of its liability as surety.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Thomas Leaming*, for appellant.—It is submitted that the af-

fidavit of defense is sufficient, and that the case should have gone to the jury.   There can be no question that if the clause relied upon as a defense was not complied with there can be no recovery.   Compliance with this provision is a condition precedent to the liability of the surety, and the failure of one party to perform a vital condition precedent entitled the other to regard the contract as rescinded : Hartje v. Collins, 46 Pa. 268 ; Stout v. Mullen, 1 W. N. C. 150 ; Depuy v. Arnold, 1 W. N. C. 157 ; Heller's Estate, 6 Pa. Dist. Rep. 193.

*David J. Myers,* for appellee.—The evasive, indefinite and nonresponsive language of the appellant is to be construed most strongly against the appellant and most favorable to the plaintiff, the appellee : Marsh v. Marshall, 53 Pa. 396 ; Hinckley v. Shope, 2 Pearson, 17 ; Wanner v. Emanuel Church, 174 Pa. 466 ; McKay & Co. v. McKenna, 173 Pa. 581.

If from uncertainty of expression the words " defaulted " and "said default " as used in the affidavit may by fair intendment refer to a default other than the one averred by plaintiff, the defense must fall, because it sets up a conclusion of law, to wit: a default, and not the facts from which the legal conclusion of a default may be drawn : Superior Nat. Bank v. Stadelman, 153 Pa. 634 ; Hertz v. Siale, 20 Pa. Superior Ct. 88 ; Borough of North Braddock v. Second Ave. Traction Co., 8 Pa. Superior Ct. 233.

OPINION BY RICE, P. J., March 14, 1905 :

This action was brought on a bond given by the firm of Stevenson and Lafferty, as principal, and the American Surety Company, as surety, conditioned for the performance by Stevenson and Lafferty of their contract, therein referred to, to paint a block of houses.   The bond contained this further condition : " That in the event of any default on the part of said principal, in the performance of any of the terms, covenants or conditions of said contract, written notice thereof, with a verified statement of the particular facts showing such default and the date thereof, shall, within twenty days after such default, be delivered to the surety at its office in the city of Philadelphia." The default and notice are thus averred in the plaintiff's statement:  " That the said defendants, Stevenson and Lafferty,

principals named in said bond, on or about March 18, 1902, wholly abandoned said work, of which fact the defendant company received notice, as required by the bond." The affidavit of defense filed by the American Surety Company, after admitting the contract of Stevenson and Lafferty and the giving of the bond, and denying in general terms that the plaintiff had performed all the conditions required to be performed in order to hold the defendant liable, proceeds as follows: " Deponent admits that Stevenson and Lafferty defaulted on said contract, but denies that said default was on or about March 18, 1902, but was much earlier, and avers that plaintiff," the assignee of the bond, " or Andrews and Johnson," the original obligees, " did not give defendant due notice of said default within twenty days thereafter, as provided in said bond," etc.

It is argued that if the words " defaulted " and " said default " may by fair reasoning be construed to refer to a default other than the one averred by the plaintiff, the affidavit is insufficient, because it sets up a conclusion of law, and not the facts from which that conclusion may be drawn. We not only assent to this but go further and say, that if the intention was to set up a defense based on a default other than, and unconnected with, that averred by the plaintiff, the affidavit is insufficient for the additional reason that the fact of such default cannot be established, as against the plaintiff, by the mere admission of the surety. But it seems to us quite clear that such was not the intention. To sustain the contention that the affidavit admits by its silence all the material averments of the statement as to a default on the date specified and due notice thereof to the surety, and sets up the plaintiff's failure to give the surety due notice of some prior default, the nature of which is not given, we would be required to give to its averments a strained and unnatural construction of which we think they are not fairly susceptible. The affidavit is to be construed in the light of the statement, to which it purports to be a reply. It was so framed that if the case had gone to trial it might have been put in evidence as an admission of one of the facts essential to a recovery by the plaintiff, namely, that the principals in the bond had defaulted, that is, that they had failed in the performance of their contract. No other proof of that fact would have been required. The evident purpose was

to put in issue the facts, and these only, that the default was on the date specified in the statement and that notice was given to the surety within twenty days after it occurred. We are of opinion that the arbitration clause of the Stevenson and Lafferty contract does not apply to this dispute between the plaintiff and the surety, and that the affidavit of defense is sufficient to entitle the latter to have it determined by a jury.

Judgment reversed and procedendo awarded.